**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

KENNETH FREDRICK KLEIN III,

      Plaintiff,

v.                                        Civ. No. 22-962 GJF

CHRISTINA RAULS-DOLIN[1] and
CHRISTOPHER DOLIN,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**TRANSFERRING CASE TO THE EASTERN DISTRICT OF VIRGINIA**

THIS MATTER comes before the Court on *pro se* Plaintiff's Complaint for Malicious

Prosecution, Wrongful Abuse of Process, & Civil Rights Violations. ECF 1 ("Complaint").

Plaintiff, who currently resides in Las Cruces, New Mexico, was a resident of "Petersburg

Virginia at all times relevant to this action." Compl. [ECF 1] at 1, 7. Defendants reside in Chester,

Virginia. *See id.* at 1-2. Petersburg and Chester are located south of Richmond, Virginia. Plaintiff

alleges that Defendants filed several criminal complaints against him in the City of Richmond and

Chesterfield County resulting in his arrest and incarceration in the Commonwealth of Virginia

prison system until he was able to be released on bond. *See id.* at 8. The Complaint does not

explain why the District of New Mexico is the proper venue for this case.

The statute governing venue in general states:

**Venue in general.** — A civil action may be brought in —

> (1) a judicial district in which any defendant resides, if all defendants are
> residents of the State in which the district is located;

---

[1] This is Defendant's name as spelled in the caption of the form "Civil Rights Complaint Pursuant to
42 U.S.C. § 1983." *See* Compl. at 1. The caption of the Complaint drafted by Plaintiff which is attached to the form
"Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" spells this Defendant's name as "Christina Zenobia Rawls-
Dolin." *Id.* at 7.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

The Court concludes that the District of New Mexico is not the proper venue for this case because Defendants do not reside in the District of New Mexico and there are no allegations that any of the events or omissions giving rise to Plaintiff's claims occurred in the District of New Mexico.  The Court thus transfers this case the Eastern District of Virginia because Defendants reside in, and the events or omissions giving rise to this case occurred in, the Eastern District of Virginia.

**IT IS THEREFORE ORDERED** that this case is **TRANSFERRED** to the Eastern District of Virginia.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

2