IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KENNETH FREDRICK KLEIN, III,**

    **Plaintiff,**

**v.**                                                                         **Civil Action No. 3:22cv802**

**CHRISTOPHER DOLIN**

    **and**

**CHRISTINA RAULS-DOLIN,**

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Plaintiff Kenneth F. Klein, III's Third Amended Complaint. (ECF No. 20.)

Klein's Amended Complaint offends Federal Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief, and the Court's May 10, 2023 Order directives regarding the Third Amended Complaint. (ECF No. 19.)

The Court ordered that Klein file a Third Amended Complaint, "which outlines in simple and straightforward terms why [Klein] thinks that he is entitled to relief and why the Court has jurisdiction over the case." (ECF No. 19, at 1.) The Court ordered that the Third Amended Complaint comply with the following directions:

1. At the very top of the amended pleading, Klein must place the following caption in all capital letters: "THIRD AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:22cv802."

2. The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, Klein must set forth legibly, in separately numbered paragraphs a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Klein must clearly identify each federal or state law allegedly violated. Under each section, Klein must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

3. Klein shall also include the relief he requests – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. Klein may not reference statements in the prior complaints.

5. The particularized amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, No. 3:08cv035, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

(ECF No. 19, at 3–4.)

The Court finds that Klein's Third Amended Complaint does not comply with the clear instructions set forth in the Court's May 10, 2023 Order. (ECF No. 19.) For the "statement of the facts giving rise to his claims for relief," (ECF No. 19, at 4), Dolin simply asserts that "Christopher Dolin swore out 23 arrests for Plaintiff," that "[P]laintiff was held in the [t]he Commonwealth Jail system for no more than 32 days while awaiting bail from Chesterfield County and [t]he city of Richmond in Chesterfield County Jail and Pamunkey Reg'l Jail," and that "Christina Dolin . . . sought to have issued a[n] order of protection." (ECF No. 20 ¶ 5.) These facts do not amount to a "plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). While Klein lists several "causes of action" and contends, in conclusory fashion, that the Defendants are liable to him, he does not "explain why he believes each defendant is liable to him" and does not "reference the specific numbered

factual paragraphs in the body of the particularized amended complaint that support that assertion." (ECF No. 19, at 4.)

Pursuant to Federal Rule 41(b), the Court may dismiss an action when a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a court may "act on its own initiative" with respect to dismissals under Federal Rule 41(b)).

Further, when a plaintiff is granted authorization to proceed *in forma pauperis*, the court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court has reviewed Klein's Third Amended Complaint pursuant to this statutory screening obligation and finds that the Third Amended Complaint, in its current form, fails to state a plausible claim for relief against the Defendants.

Accordingly, Klein's Third Amended Complaint is DISMISSED WITHOUT PREJUDICE. (ECF No. 20.)

An appropriate Order shall accompany this Memorandum Opinion.

It is SO ORDERED.

Date: 07/17/2023
Richmond, Virginia

/s/ MHL
M. Hannah Lauck
United States District Judge